IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01683-GPG

WILLIAM MAUNZ,

    Plaintiff,

v.

(DENVER COUNTY JAIL),
DENVER DETENTION CENTER (D.D.C.), Medical Dept.,
DENVER HEALTH MEDICAL CENTER,
DIGGENS, Interim/Under-Sheriff, and
THE CITY AND COUNTY OF DENVER MAYOR'S OFFICE,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, William Maunz, is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). While he was being held at the Denver County Jail in Denver, Colorado, Mr. Maunz submitted to the Court *pro se* a document titled "Notice of Intent, Title 42 § 1983 Bivens" (ECF No. 1) stating he is initiating a civil action regarding his medical treatment while in custody. The instant action was commenced and, on August 6, 2015, Magistrate Judge Gordon P. Gallagher entered an order directing Mr. Maunz to cure certain deficiencies if he wishes to pursue his claims. Specifically, Magistrate Judge Gallagher directed Mr. Maunz to file a Prisoner Complaint and either to pay filing and administrative fees totaling $400.00 or to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement and a signed authorization to calculate and disburse filing

fee payments.   Mr. Maunz was warned that the action would be dismissed without further notice if he failed to cure these deficiencies within thirty days.

Also on August 6, 2015, Mr. Maunz submitted a second "Notice of Intent" (ECF No. 4).   On August 14, 2015, he filed a motion requesting a copy of the order directing him to cure deficiencies as well as the forms necessary to cure the deficiencies.   On August 17, 2015, Magistrate Judge Gallagher entered a minute order (ECF No. 6) directing the clerk of the Court to mail to Mr. Maunz a copy of the order to cure deficiencies entered in this action and blank copies of the forms necessary to cure the deficiencies.   Magistrate Judge Gallagher directed Mr. Maunz to cure the deficiencies within thirty days from the date of the minute order and reminded him that the action would be dismissed without further notice if he failed to cure all of the deficiencies within the time allowed.

On September 21, 2015, Mr. Maunz filed a motion for extension of time to cure the deficiencies.   (*See* ECF No. 7.)   On September 22, 2015, Magistrate Judge Gallagher entered a minute order (ECF No. 8) granting the motion for extension of time, reiterating the deficiencies Mr. Maunz must cure in order to pursue his claims in this action, and reminding him that the action would be dismissed without further notice if he failed to cure the deficiencies within the time allowed.

On October 1, 2015, Mr. Maunz filed a notice of change of address (ECF No. 9) indicating he had been transferred to a DOC facility.   On October 13, 2015, Mr. Maunz filed a second motion for extension of time to cure the deficiencies alleging he did not have access to law library material or supplies.   (*See* ECF No. 11.)   On October 14, 2015, Magistrate Judge Gallagher entered a minute order (ECF No. 12) denying the

second motion for extension of time because Mr. Maunz failed to allege with specificity the law library materials and supplies he needed to cure the deficiencies. Magistrate Judge Gallagher also reiterated again the deficiencies Mr. Maunz must cure in order to pursue his claims in this action.

On October 21, 2015, Mr. Maunz filed another motion seeking a second extension of time to cure the deficiencies. (*See* ECF No. 13.) On October 22, 2015, Magistrate Judge Gallagher entered a minute order (ECF No. 14) granting Mr. Maunz an extension of time until November 20, 2015, to cure the deficiencies in this action. Magistrate Judge Gallagher reiterated again the deficiencies Mr. Maunz must cure in order to pursue his claims, warned Mr. Maunz that no further extensions would be granted absent extraordinary circumstances and detailed factual allegations regarding his efforts to cure the deficiencies in this action, and directed the clerk of the Court to mail to Mr. Maunz another set of the forms necessary to cure the deficiencies in this action.

On October 23, 2015, Mr. Maunz filed a document (ECF No. 15) that responds to Magistrate Judge Gallagher's October 14 minute order.

Mr. Maunz has failed to cure any of the deficiencies within the time allowed. He has not filed a Prisoner Complaint and he has failed either to pay the required filing and administrative fees or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.

*See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Maunz failed to cure the deficiencies as directed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  2nd  day of   December  , 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court